# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**RACHEL BRAATEN,**

        **Plaintiff,**

**-vs-**                                                                                          Case No.  6:04-cv-1414-Orl-31KRS

**CAROL GRANT, MARC KURZMAN,
KURZMAN, GRANT & OJALA LAW
OFFICES CHARTERED,**

        **Defendants.**

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **DEFENDANTS' MOTION TO STRIKE PRO SE PLAINTIFF'S PLEADINGS & REQUEST FOR ORAL ARGUMENT (Doc. No. 218)**
>
> **FILED:** May 13, 2005
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

Defendants Marc Kurzman, Carol Grant and Kurzman, Grant and Ojala Law Offices, Chartered (collectively the defendants) request that Plaintiff Rachel Braaten's amended complaint (doc. no. 183) be stricken and her case involuntarily dismissed pursuant to Fed. R. Civ. P. 41(b) and this Court's "inherent powers" as a sanction for Braaten's "bad faith misconduct and baseless threats in this action."  Doc. No 218 at 1.

Pursuant to Fed. R. Civ. P. 41(b), a court may dismiss a complaint for failure to prosecute or failure to comply with a court order or the federal rules. "The court's power to dismiss is an inherent aspect of its authority to enforce its orders and insure prompt disposition of lawsuits." *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985). However, dismissal under Rule 41(b) is only appropriate "where there is a clear record of 'willful' contempt and an implicit or explicit finding that lesser sanctions would not suffice." *Gratton v. Great American Communications*, 178 F.3d 1373, 1374 (11th Cir. 1999). "Dismissal of a case with prejudice is considered a sanction of last resort, applicable only in extreme circumstances." *Goforth*, 766 F.2d at 1535.

The defendants' objections to Braaten's conduct in this litigation arise, primarily, from letters Braaten recently sent to counsel for the defendants. The cases the defendants cite in support of their motion involve improper filings with a court or violation of court orders. Braaten did not file the letters about which counsel complain with the Court.[1] The defendants do not cite to any particular court order or federal rule with which Braaten failed to comply. They cite no authority supporting striking a party's pleadings because of objectionable correspondence between the parties and their counsel. Under these circumstances, I find that striking Braaten's pleadings and involuntary dismissal

---

[1] The defendants filed copies of the correspondence at issue in support of their motion to strike.

under Fed. R. Civ. P. 41(b) are not warranted. Having decided the issue on the papers, there is no need for a hearing.

**DONE** and **ORDERED** in Orlando, Florida on May 24, 2005.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties